The cause was briefly spoken to by Tillinghast, for the plaintiff, and Whitman and Washburn, for the defendant, * after which the action was continued nisi for advisement, and [ * 507 ] *392 the opinion of the Court was delivered at the following March term, in Suffolk, by
Parsons, C. J.
This action is founded on the statute of 1795, c. 8. By the first section, no person, unless he be licensed by the major part of the selectmen, shall sell any goods at auction, on pain of forfeiting a sum not exceeding six hundred dollars. And the selectmen, or a major part of them, at a meeting had for that purpose, are empowered, by writing under their hands, to grant the license, receiving for their own use a fee of two dollars from the person licensed. By the second section, any person thus licensed, selling any of his own goods at auction before sunrise, or after sunset, shall forfeit a sum not less than fifty dollars, nor more than one hundred and seventy dollars for each offence. And by the fourth section, either of these forfeitures may be recovered by any person who shall first sue for the same.
The defence was, that the defendant was never licensed as an auctioneer, pursuant to this statute; and that if he had incurred any penalty, it was the forfeiture created in the first section of the statute.
The plaintiff has insisted that the evidence proved the defendant to be regularly licensed ; but if it did not, it clearly proved that he undertook to sell at auction as a" regularly-licensed auctioneer, and therefore that he was estopped to dispute the regularity of his license.
As to the estoppel, we are satisfied that it cannot affect the de fence relied upon by the defendant. Here are two forfeitures, one for selling at auction when not licensed; the other for selling at auction his own goods after sunset when licensed. Now, it could not be the intent of the statute, that for the same sale of the same goods at auction, the auctioneer should incur two distinct penalties, one for selling when not licensed, and the other for selling be-. [ * 508 ] ing licensed. And as these penalties * may be sued for in different actions by different plaintiffs, if we admitted the estoppel in this action, the defendant might be exposed to pay both the penalties. For it cannot be supposed that, if the defendant should, in this action, be estopped to deny his license, another plaintiff, suing for the penalty for selling at auction when not licensed, would be estopped from denying the license, he being no party to this action.
The question therefore before the Court is, whether the defendant was or was not regularly licensed as an auctioneer before the sale.
It appears from the report, the sale was in October, 1807, in New Bedford; — that there were three selectmen of that town ; — that on the day before the sale, when two only of the selectmen were *393 together, but not met for the purpose of licensing an auctioneer, and the third selectman not having had notice of the meeting, the two selectmen present agreed to license the defendant as an auctioneer ; —that a certificate of the license was then written and signed by one of the selectmen, but as it was evening, the other selectman did not then sign it; — but that he signed it the next morning, no other selectman being then present.
We now refer to the statute, which authorizes the selectmen, or the major part of them, at a meeting had for that purpose, by writing under their hands, to license any suitable person as auctioneer. The selectmen did not pursue their authority. All the selectmen, if practicable, ought to have notice of the meeting, which is to be had expressly for the purpose of licensing an auctioneer.
The license is not a matter of course. It is to be granted to suitable persons only, of which the selectmen are to deliberate and judge. And by a natural construction of the statute, the license should be signed at a meeting of the selectmen, or of a major part of them. The authority of the selectmen, not being pursuant to the statute, is void, and would not protect the defendant * from paying the forfeiture incurred by him, for sell- [ * 509 ] ing goods at auction, when not duly licensed as an auctioneer.
Rights, of however little consequence, are to be regarded. There is a perquisite to be paid to the selectmen granting an auctioneer’s license. When three grant, each is entitled to a third part; when but two grant, each one is entitled to a moiety. Although we do not suppose, that the consideration of the division of this perquisite had any influence in the present case, yet we ought so to construe the statute, by requiring notice of the meeting to all the selectmen, when practicable, that the rights of all may be preserved. If the third selectman had been present, and concurred in the grant, he would have had his proportion of the fee. If he had not concurred, 'rom an opinion of the unsuitableness of the defendant, his reasons might have induced the other selectmen to withhold the granting of the license.
The verdict must be set aside, and a new trial granted, as it does not appear that the sale at auction was by the defendant, when a licensed auctioneer.