ALBERT B. MURDOUGH *vs.* INHABITANTS OF REVERE.

Suffolk. November 21, 1895. — January 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Town — Award of Building Contract — Authority of Members of Committee — Waiver.*

If a committee appointed by a town to prepare plans and specifications for constructing a schoolhouse, acting as such committee, adopt specifications in which the right to reject any or all proposals is reserved, two of the three members of the committee acting individually cannot do away with the right so reserved by promising a prospective bidder that the job shall be let to the lowest bidder; and the fact that, after such promise and before the contract was awarded, the committee held several meetings, will not warrant a finding that the provision of the specifications was waived.

CONTRACT, to recover damages alleged to have been sustained by the plaintiff by the refusal of the building committee of the

defendant town to award to him, as the lowest bidder therefor, the contract for the construction of a schoolhouse. Trial in the Superior Court, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

At a meeting of the defendant town, held on March 13, 1893, it was "Voted, that a committee of three be appointed by the chair to prepare. plans and specifications for an addition of four rooms to the Walnut Avenue School with hall above, and report at the April meeting." There was evidence tending to show that the chairman of the meeting subsequently appointed as such committee D. D. Poole, Thomas P. Somes, and B. F. Flinn, and that they duly accepted the appointments and acted as such committee; that they forthwith, pursuant to the above vote, requested certain architects to prepare and present plans and specifications for their approval, and, on April 21, 1893, accepted the plans presented by one A. W. Call, and employed him as architect for the town to complete the same for presentation, with the committee's report, at the meeting of the town to be held on April 28; and that the committee made a report of its doings at the April meeting of the town, and presented at the meeting the plans and specifications which had been prepared by Call.

At a meeting of the town held on April 28, 1893, it was voted to accept and adopt the report of the committee, and to borrow a certain sum of money for enlarging the schoolhouse. It was also "Voted, that the same committee carry the vote into effect, D. D. Poole, Thomas P. Somes, and B. F. Flinn."

There was evidence tending to show that the persons named in the votes of the April meeting were the same who had been appointed by the chairman under the vote at the March meeting of the town; that, subsequently to the April meeting, the persons named as its committee proceeded to further carry out the votes of the town; that they continued to employ Call as their architect, and directed him to prepare full plans and specifications for the construction of the schoolhouse, and to obtain bids for the work; that the committee had frequent meetings up to and including June 20, 1893; that it accepted and adopted plans and specifications prepared by Call as architect; that one of the provisions, hereafter designated as "Provision A," put into the

specifications by Call as such architect, was as follows: " Rights reserved: The right to reject any or all proposals, or to waive defects, is reserved if it is deemed by the committee for the town's best interest "; that on or about June 7, 1893, the plaintiff received from Flinn the following communication, signed by the latter: " Plans for the new Walnut Avenue School addition will be ready next Monday at A. W. Call, architect, 25 Bellingham avenue, Beachmont. All bids must be in by June 20 at 6 o'clock "; that, pursuant to the notice contained in the above communication, the plaintiff proceeded to Call's office and examined the plans and specifications, and was requested by Call to furnish a bid only for the foundations of the building; that he and three others, at the request of Call, made bids therefor; that the committee refused to accept any bid for constructing the foundations, and asked for bidders to furnish bids for performing the entire construction of the schoolhouse according to the plans and specifications ; that the plaintiff was one of the bidders who was requested to furnish such bids; and that he thereupon said to Call that he would not make any further bid for the work unless " Provision A " should be waived, " if they will award it to the lowest bidder, I will figure the job."

The plaintiff testified that on or about June 8 or 9 he saw Flinn at his office, and asked him if the job was going to be let to the lowest bidder, and Flinn replied that it should be let to the lowest bidder; that afterwards he saw Call and reported to him the above conversation with Flinn ; and that Call said to the plaintiff, " I will see Mr. Poole for you if you can't stop, and see what he says about it." Call testified that the plaintiff asked him, before the plaintiff figured, if the job was to be let to the lowest bidder; that the plaintiff said he had seen the specifications, but that one of the committee had told him it was to be let to the lowest bidder; that the witness said to the plaintiff, " I should judge that they have waived the clause, then, and if you wish I will see Mr. Poole, the chairman, and find out definitely and let you know "; that he subsequently saw Poole, and informed him that the plaintiff had stated that he would not " figure these plans" unless the job was to be awarded to the lowest bidder; that he showed Poole the objectionable clause in the specifications, " Provision A"; that Poole said,

" Tell Mr. Murdough to go ahead and figure, that it is all right, that the job shall be let to the lowest bidder"; and that Call so informed the plaintiff. The plaintiff testified that, being so informed, he thereupon went to work and made up his estimate; and that he relied on the above statement from Flinn, and that from Poole, communicated through Call to him, in making his bid for this job.

There was also evidence tending to show that the committee subsequently had several meetings in regard to the construction of the schoolhouse; that they invited several contractors to figure; that three bids to do the work were received by Call as such architect, in separate sealed envelopes addressed to him, one of which was the plaintiff's; that such bids were handed by him to Poole, at the latter's request, at about seven o'clock in the evening of June 20; that thereafter, on the same evening, the committee held a meeting in Poole's house, at which the three members of the committee were present, and they opened the bids, and then and there awarded the contract to one Graham, and ordered Call to prepare a form of contract, which he did, and the contract was subsequently executed between the committee, in behalf of the town, and Graham; that the plaintiff's bid was the lowest of all bids; that he was ready and able and willing to construct the building and perform the contract for the amount of his bid; that the building could have been constructed by the plaintiff at a substantial profit, and he was damaged by the rejection of his bid; and that the building was subsequently constructed under the direction of the committee, substantially according to the plans and specifications, under the contract with Graham.

Upon the above evidence, the judge ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*F. W. Kittredge*, for the plaintiff.

*S. R. Cutler*, (*B. B. Dewing* with him,) for the defendant.

ALLEN, J. The committee, acting as a committee, adopted specifications, in which the right to reject any or all proposals was reserved. Two of the three members of the committee afterwards, acting individually, said that the job should be let to the lowest bidder, and on the strength of this the plaintiff

made his proposal, which was the lowest; but the committee acting together awarded the contract to another bidder. The question is, Could the two members of the committee, acting individually, do away with the action of the board in reserving the right to reject proposals? In our opinion, they could not. In *Haven* v. *Lowell*, 5 Met. 35, it was held, as expressed in the carefully prepared head-note, that an agreement for the purchase of land for a town, made by all the members of a committee duly authorized by the town to purchase it, and put in writing and signed by part of the committee, on behalf and at the verbal request of the committee, is the written agreement of the whole committee, and binding on the town. In *Shea* v. *Milford*, 145 Mass. 528, it was held that a building committee might act by the agreement of all of the individual members separately obtained. But a part of the members of a committee, by their separate action, not at a meeting of the committee, cannot set aside the formal action of the committee as a whole.

The plaintiff contends that it might have been found that the provision of the specifications was waived at a meeting of the committee. But there is nothing in the bill of exceptions which warrants this assumption. The direction of the court to return a verdict for the defendant was right.

*Exceptions overruled.*