HERBERT W. DAMON *vs.* SELECTMEN OF FRAMINGHAM & others.

Suffolk.   January 8, 1907. — March 11, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations,* Duties and powers of officers.

The selectmen of a town are public officers who are to act together as a board, and ordinarily they cannot act legally without a meeting of all the members or after such a reasonable notice to all as to give every member an opportunity to be present if he pays proper attention to his duties.

Whether there are any executive duties of the selectmen of a town that can be performed legally by a majority acting without a meeting and without notice to the minority it was not necessary to determine in this case. Nor was it necessary to consider what notice or attempt to give notice in cases of emergency or of difficulty in giving notice would be enough to authorize a majority to act in the absence of the minority.

If two of the three selectmen of a town assume to hold a meeting in accordance with a vote of the town for the purpose of appointing a committee of fifteen persons to examine proposed appropriations and report the facts relating to them with their recommendations thereon, and assume to make the appointments, and if such meeting is held on a Saturday evening, the holding of it first having been contemplated about the middle of that day when one of the selectmen was in a neighboring city, and if, there being no by-law or order prescribing the requisite notice, the two other members attempted to give the absent member notice of the meeting but found it impossible to reach him and in the evening determined to go on without him, thinking that immediate action was necessary, the appointments so attempted to be made are void.

In the absence of any by-law or order prescribing the notice to be given to the members of the board of selectmen of a town of a meeting of that board, the general rule is that every member of the board shall have notice of all its meetings if by reasonable effort it is possible to give such notice.

PETITION, filed May 1, 1906, by Herbert W. Damon, one of the selectmen of the town of Framingham, for a writ of mandamus to compel the selectmen of that town to call a meeting of its members for the purpose of appointing a committee of fifteen, in compliance with a vote of the town passed on March 11, 1902; also to require the respondents, John H. Temple and others, appointed by a majority of the board of selectmen at a meeting held on March 31, 1906, as a committee under the requirements of the vote of March 11, 1902, to abstain from the performance of the duties of such committee.

At the hearing of the case before *Sheldon*, J. the following facts appeared:

On March 11, 1902, at an annual meeting regularly called, the voters of Framingham passed the following vote:

" That the Selectmen appoint in each year, before the first day of April, a committee of three from each precinct, whose term of office shall be for one year from the first day of May following the date of appointment, no one of whom shall be a selectman, overseer of poor, member of the school committee, fire engineer or highway surveyor, at the time of such appointment, whose duties shall be to examine into all appropriations proposed for action at any town meeting within their term of service, and to report the facts relating to such appropriations with their recommendations to the town meeting taking action thereon, and such committee shall have the power to fill vacancies in their number by a two-thirds vote of the remaining members at any of its meetings, such vacancies to be filled so that each precinct shall be represented by three members."

At the annual town meeting of Framingham held on March 5, 1906, William H. Walsh, John L. Young, and Herbert W. Damon, the plaintiff, were elected selectmen of the town for the ensuing year, and William H. Walsh was elected chairman of the board.   On or about noon of March 31, 1906, the attention of Walsh was called to the vote of the town of March 11, 1902, which required the appointment of a committee of fifteen, for the purposes named in the vote, before the first day of April of each year.   Soon after one o'clock Walsh called up Young, who was a member of the board, and said to him that he thought it would be necessary to have a meeting of the select-

men that night to appoint this committee. Young, in reply, expressed doubt as to the necessity of holding the meeting that day, but agreed to meet Walsh at three o'clock at the selectmen's room. There was evidence that Walsh at once telephoned to the petitioner's house, he being a member of the board, and learned from his mother that her son was in Boston, but that she would endeavor to notify him. Walsh and Young met at the selectmen's room soon after three o'clock, where they examined the vote of the town with reference to the appointment of a committee and reached the conclusion that it was necessary that a meeting of the board should be held during the day and the committee appointed.

Walsh testified that about four o'clock he again telephoned to the petitioner's house, and about seven o'clock telephoned to the house again, and also telephoned to the armory and to another house, with a view to reaching Damon, but failed to reach him. Walsh and Young then decided to hold a meeting at eight o'clock that evening, which they did, and appointed a committee of fifteen, who were named as respondents in the petition. Both Walsh and Young at the time of calling the meeting, and also at the time of appointing the committee, acted in good faith, and believed it legally necessary that the meeting should be held on March 31, so that the committee should be appointed before April 1. From and after the time that it was decided to hold the meeting, every reasonable effort was made by Walsh and Young, as the respondents contended, to give actual notice to Damon, but they failed to do so, and Damon had no knowledge of the meeting being held until the following day. It appeared from the evidence that Damon was employed with the United Shoe Machinery Company at its office in Boston; that March 31 fell upon Saturday, and that he usually left his place of business on Saturdays from a quarter past to half past one P. M., but that neither Walsh nor Young thought Damon was in the habit of leaving his place of business at that hour; that on the day in question he was at his place of business until a quarter past one, after which he was attending a theatre in Boston, and his whereabouts during the afternoon were not known to his mother, who was at his home in Framingham; that he returned to Framingham soon after the meeting was held, and learned on

the day following that his associates on the board of selectmen attempted to secure his attendance at the meeting of the night before.   It appeared from the testimony of the town clerk of Framingham that the records of the town showed that no vote of the town ever had been passed prescribing the method of calling meetings of the board of selectmen; that the board of selectmen of the year 1906 had passed a vote providing that regular meetings should be held on every Thursday night, but there was no vote making provision as to the manner in which any meeting, either regular or special, should be called, or requiring any notice of any meeting of the selectmen.   No question was raised at the trial but that the men appointed by a majority of the board were suitable and proper persons to serve on the committee, a majority of whom had served the previous year.   At the close of the testimony, the counsel for the respondents requested the justice to rule that, upon the law and the evidence, the petitioner was not entitled to the writ of mandamus as prayed for.   The justice refused so to rule.   He filed a finding of facts, and ruled thereon that the petitioner might be allowed to have the writ of mandamus issue as prayed for.

The memorandum and the order filed by the justice were as follows:

" The meeting of the selectmen, at which the appointment of Temple and others purported to have been made, was held on Saturday, March 31, at about eight o'clock in the evening. No meeting had been appointed for this time on any previous day, either by adjournment or otherwise.   All three of the selectmen, until the forenoon of this Saturday, erroneously supposed that, under the terms of the vote of the town mentioned in the fourth paragraph of the petition, the appointment of the committee therein provided for was to be made before the first day of May; but on that forenoon the respondent Walsh learned the contents of that vote.   Thinking that the appointment must be made, and a special meeting of the selectmen held to make it on that day, he, at about noon, notified the respondent Young, by telephone, that there would be a special meeting of the selectmen that evening at seven o'clock.   About two o'clock of the afternoon he communicated with the petitioner's mother at

her house in Framingham, by telephone, and asked her to notify
the petitioner of the special meeting. He again communicated,
by telephone, with the petitioner's mother, at about six o'clock
in the evening, to the same effect. The petitioner was then in
Boston; she did not know where he was and could not reach
him, and so informed Walsh over the telephone; he did not re-
turn from Boston, and did not learn of the special meeting until
after it had been held, the appointments in question had been
made by the other two selectmen, and a final adjournment had.
If Walsh had sent his telephone message to the petitioner's
mother at the same time that he notified Young, it would have
reached her at a time when she could have communicated with
the petitioner, and he would have learned of the special meeting
in time to attend it. There was no attempt or intention on the
part of Walsh and Young, or either of them, to prevent the peti-
tioner from attending the meeting or having notice of it; but he
had no actual notice of it, and no attempt was made to give him
such notice except as above stated. The appointment of the
committee in question might have been made after April 1 as
well as before; but the vote is as stated in the petition.

"I rule that the meeting in the evening of March 31 was not a
legal meeting of the selectmen, and the appointment of the other
respondents was not valid. Writ of mandamus to issue as prayed
for."

The respondents alleged exceptions to the ruling of the justice.

*S. L. Powers & S. A. Phillips*, for the respondents.

*H. D. McLellan*, (*E. W. Blodgett* with him,) for the peti-
tioner.

KNOWLTON, C. J.    This is a petition for a writ of mandamus
to compel the selectmen of Framingham to call a meeting of
their members, for the purpose of appointing a committee of
fifteen persons to examine proposed appropriations and to report
the facts relating to them, with their recommendations thereon,
in accordance with a vote of the town, passed on March 11,
1902, making it the duty of the selectmen to appoint such a
committee before the first day of April in each year. Two of
the three selectmen, without the presence of the third, held a
meeting for this purpose on March 31, 1906, and assumed to
appoint such a committee. The petitioner also prays that the

writ may command the persons appointed to refrain from official action under the appointment. The petitioner is the member of the board of selectmen who was absent from the meeting referred to. The meeting was held on a Saturday evening, and not until about the middle of that day had the holding of it been contemplated. At that time the petitioner was in Boston, and in the afternoon, when the other members of the board first attempted to give him notice of the meeting, they found it impossible to reach him, and so in the evening determined to go on without him. The justice who heard the case ruled, upon the facts found by him, that the meeting of the selectmen on that evening was not legal, and that the appointment of the other respondents as members of the committee was invalid. He held that the petitioner might be allowed to have a writ of mandamus as prayed for, and the respondents excepted.

So far as the issuing of such a writ is a matter of discretion, the bill of exceptions brings no question to this court. The only question before us is whether the ruling that the meeting of the selectmen was illegal and the appointment of the committee invalid was erroneous.

The selectmen are public officers who are to act together as a board. Ordinarily they cannot act legally without a meeting of all the members, or a reasonable notice to all, such as to give every member, if he pays proper attention to his public duties, an opportunity to be present with the others and participate in the business before the board. Sometimes the kind of notice to be given is prescribed by by-laws or otherwise, and sometimes it is left to the reasonable determination of the officer giving the notice. In the present case no rules or by-laws had been adopted, and there is no statute that prescribes the method of giving notice.

Assuming for the moment that the board could not appoint a committee without taking reasonable measures to give all of their members an opportunity to be present and take part in the appointment, the justice was right in finding that no sufficient notice was given. There was no emergency that called for immediate action by the board, although the vote of the town directed the appointment of the committee to be made before the first day of April, and the two selectmen thought it

must be made not later than March 31. The petitioner's absence from the town was for a very short time, and if the meeting had been called earlier it would have been easy to give him notice. While the failure to arrange for it seasonably and the subsequent action without him were the result of an innocent mistake, the appointment was made by a part of the board without giving the other part an opportunity to be present.

The general rule that such a board of public officers should act jointly, and that all should have an opportunity to participate in their action, is unanimously recognized. *Merrill* v. *Berkshire*, 11 Pick. 269. *Parsons* v. *Pettingell*, 11 Allen, 507. *Clark* v. *Cushman*, 5 Mass. 505. *Williams* v. *Lunenburg School District*, 21 Pick. 75. *Murdough* v. *Revere*, 165 Mass. 109. *Wiggin* v. *Freewill Baptist Church*, 8 Met. 301, 312. *Easthampton* v. *Burman*, 136 Mass. 521.

The reason for the rule applies with peculiar force to business of the kind transacted by the majority of the board in the present case. The selection of an important committee of fifteen members calls for conference and deliberation. We have no hesitation in holding that the appointment of this committee was illegal.

The provision of the R. L. c. 8, § 4, cl. 5, that joint authority given to a board of public officers may be exercised by a majority of such board, does not affect the requirement that all the members should have notice and an opportunity to act.

We do not find it necessary to determine whether there are any of the numerous executive duties of selectmen that can legally be performed by a majority, acting without a meeting and without notice to the minority. It has been decided that a warrant for a town meeting must be signed by individual members of the board. *Reynolds* v. *New Salem*, 6 Met. 340. As a general rule their action must be joint, after notice to all.

Nor do we consider what notice or attempt to give notice in all conceivable cases of emergency, or of difficulty in giving notice, would be enough to authorize a majority to act in the absence of the minority. A selectman might be absent from his town, at a long distance, for a considerable time, or he might be so seriously ill as to be incapable of receiving notice. In such a case pressing public business ought not to wait for his return or

recovery.   In the absence of by-laws or orders prescribing the
notice to be given, we can state no better general rule than that
every member of such a board should have notice of all its meet-
ings, if by reasonable effort it is possible to give him notice, and
that reasonable measures should always be taken to notify all.

*Peremptory writ of mandamus to issue.*