CLINTON F. BARNARD *vs.* INHABITANTS OF SHELBURNE.

Franklin.    September 21, 1915. — October 13, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*School and School Committee. Evidence. Letter. Practice, Civil,* Report.

In an action against a town for the alleged wrongful expulsion of the plaintiff from the public high school of the defendant, the plaintiff offered in evidence a letter written by the chairman of the school committee to the plaintiff's father. It appeared that the letter purported to have been written in answer to a letter from the plaintiff's father addressed to the school committee and delivered in hand to the chairman, that there were six members of the school committee, that the chairman talked with two of them in regard to the subject matter of the letter received and then, before any meeting of the school committee had been held, mailed the letter which was offered in evidence. There was no evidence tending to show that the school committee had knowledge of the letter or its contents or that they adopted or ratified the statements contained in it. The presiding judge excluded the letter. *Held,* that the exclusion was right.

In the same case letters from the New England College Entrance Certificate Board and the State Board of Education were admitted in evidence to show the standard of educational excellence required and prescribed by those boards, which was material to the case, and, the record disclosing no error, it was *assumed* by

this court that all necessary proof of preliminary facts had been made before these letters were admitted in evidence. Moreover it was *held*, that, even if these letters had been admitted improperly, they did not affect injuriously the substantial rights of the excepting party and under the fair intendment of the terms of the report of the case to this court were to be disregarded.

In the same case, upon the question of the good faith of the school committee in excluding the plaintiff from the high school, there was clear proof of the deficiency of the plaintiff in his studies and the jury made a special finding that the plaintiff was excluded from the school because of such deficiency. They also found that there was open to the plaintiff a school of the ninth grade without extra expense. The plaintiff's percentage of marks in examination was so low as to require his removal from his class under a rule of the school faculty approved by the school committee, and such removal under the rule was operative without any special meeting or vote. Owing to the loss of records and the death of the secretary in whose supposed custody were certain memoranda of a meeting of the school committee not entered on their records, the record of the proceedings of the school committee offered at the trial was incomplete and was not written on consecutive pages. *Held*, that there was no evidence for the jury of bad faith on the part of the school committee, so that a special finding by the jury that the school committee did not act in good faith was not warranted, and that a verdict rightly was ordered for the defendant.

TORT against the town of Shelburne for alleged wrongful expulsion of the plaintiff from the public high school of that town. Writ dated May 26, 1911.

In the Superior Court the case first was tried before *Bell*, J. The jury returned a verdict for the plaintiff in the sum of $325; and the defendant alleged exceptions, which were sustained by this court in a decision reported in 216 Mass. 19.

There was a new trial of the case before *Aiken*, C. J. At this trial the plaintiff excepted to the exclusion of a letter written by the chairman of the school committee offered in evidence by the plaintiff, which is referred to in the opinion. The Chief Justice submitted to the jury five questions, which, with the answers of the jury to them, were as follows:

"1. Was the plaintiff excluded from Arms Academy?" The jury answered, "Yes."

"2. Was the plaintiff excluded from the Academy because of deficiency in his studies or because of misconduct?" The jury answered, "Deficiency in studies."

"3. Did the school committee act in good faith?" The jury answered, "No."

"4. Was there in Shelburne a school of the ninth grade open

to the plaintiff without extra expense?" The jury answered, "Yes."

"5. Does the typewritten paper marked Defendant's Exhibit L state with substantial accuracy 'the standard which had been adopted by the faculty'?" The jury answered, "No."

Upon the return of the above answers the Chief Justice submitted a further question to the jury, which, with the answer thereto, was as follows:

"What was the plaintiff's damage?" The jury answered, "$465."

The Chief Justice then ordered the jury to return a verdict for the defendant; and reported the case under St. 1913, c. 716, § 2, for determination by this court. If the exclusion of the letter of the chairman of the school committee was erroneous, a new trial was to be had; if the improper admission or exclusion of evidence injuriously affected substantial rights of the plaintiff, a new trial was to be had. If the ordering of a verdict for the defendant was correct, judgment was to be entered thereon. If the ordering of the verdict was erroneous, judgment was to be entered for the plaintiff in the sum of $465.

*W. A. Davenport,* for the plaintiff.

*F. J. Lawler,* for the defendant.

PIERCE, J. The facts reported in the case at bar are in substance stated in the opinion in *Barnard* v. *Shelburne,* 216 Mass. 19. The inferences of fact there found are now established by direct testimony.

The reply to the letter of April 10 was the letter of April 22, which was admitted in evidence at the former trial and was excluded at the last trial subject to the plaintiff's exception. The letter of April 10 was addressed to the school committee and was delivered in hand to Herbert Newell, the chairman of that board. He talked concerning the subject matter with two members of the committee (which consisted of six persons), — with one at his office and with the other outside his office.

The letter of April 22 was drafted by Newell, submitted to the two members for correction, and afterwards, without suggestion from his associates and so far as appears without change, was mailed by Newell to the father of the plaintiff. Not only was there no meeting of the school committee at which the mail-

ing of this letter in answer to the letter of April 10 was discussed or considered, but there was no meeting for any purpose by that board after December 9, 1911, and before the mailing of the letter of April 22. There is nothing to show that the board acted specifically at any time in consideration of the plaintiff's attendance at school or in connection with his removal therefrom or return thereto save in connection with a considerable number of other pupils similarly circumstanced. It is clear that the chairman, in writing and sending the letter, was not acting as the authorized agent of the school board or of a majority thereof. The title "chairman" following his signature added nothing to his individual powers. The authority to speak for the town was in the committee as a collective body. *Rowe* v. *Peabody,* 207 Mass. 226, 236. *Damon* v. *Selectmen of Framingham,* 195 Mass. 72, 78. *Murdough* v. *Revere,* 165 Mass. 109. *Shea* v. *Milford,* 145 Mass. 528. *Haven* v. *Lowell,* 5 Met. 35.

There is no testimony tending to establish the board's knowledge of the chairman's act or of the contents of his letter to the plaintiff's father, or that with knowledge they adopted and ratified its statements.

It follows that the ruling of the trial judge excluding the letter was right, and the plaintiff's exception must be overruled.

It was proper to show the educational standard of excellence in studies required and prescribed by the New England College Entrance Certificate Board, as also that by the State Board of Education. The record not disclosing error, we assume the proof of all formal requisites to the admission in evidence of the letters of the last named boards in relation to these requirements. Were it otherwise, we are of opinion that the admission of the evidence did not injuriously affect the substantial rights of the plaintiff, and in fair intendment of the report, although not in exact terms, the error, if any, is to be disregarded.

There remains the question of the good faith of the school committee. The record discloses, by proof overwhelming every other contention, the delinquency of the plaintiff in his studies. The jury specially found that the plaintiff was excluded from the academy because of deficiency in his studies. They also found that there was open to the plaintiff a school of the ninth grade without extra expense. The percentage in examination of the

plaintiff was such, under the rule of the school faculty as approved by the school committee, as to require the removal of the plaintiff from his class, and such demotion was operative without special meeting and vote.

In view of the loss of the records of the school faculty and of the death of the secretary in whose supposed custody were the memoranda of the meeting of the school committee on December 9, which memoranda were not entered upon the record, we are of opinion that the record offered at the trial, apart from the fact that it is not fully complete or set down in sequential paging, is not sufficient, when taken in connection with all the testimony, to justify a jury in finding the school committee guilty of bad faith. Beyond the record and its place of entry there is no other testimony tending to establish bad faith on the part of the school committee. We are of opinion that upon all the evidence the trial judge rightly ordered a verdict for the defendant; and by the terms of the report judgment for the defendant is to be entered thereon. It is

*So ordered.*