CARBONE, INCORPORATED *vs.* EDWARD T. KELLY & others.

Suffolk.   January 17, 1935. — February 26, 1935.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Assessors of Taxes. Tax,* Abatement. *Evidence,* Competency, Extrinsic affecting writing, Record of public board, Presumptions and burden of proof.

The three assessors of the city of Boston must make such official decisions as are involved in the act of granting abatements of taxes by votes adopted while they or a majority of them are in session as a board at duly constituted meetings; they cannot act separately as individuals.

It is a general rule of substantive law that where a public board is required to act through votes at meetings and to keep a record of its acts, the record duly kept cannot be varied or added to by other evidence in proceedings in which it is sought to prove such acts; that rule forbids proof of such acts by any evidence other than the record.

In proceedings in which it was sought to prove that the board of assessors of the city of Boston had granted an abatement of a certain tax, a finding that the board had done so was not warranted where it appeared that the extended minutes of the meeting of the board at which the application for the abatement was heard contained no reference to the application or to any action taken thereon; and where, although it appeared that a notation made by the presiding assessor upon the application, a statement thereon signed by him and by the secretary of the board, who was not a member thereof, and a notation stamped on the application, all after the hearing, were to the effect that an abatement was granted, such notations and statement were not shown to constitute a part of the record of the meeting, and did not constitute a record of an abatement which was not a part of the record of a meeting because they were not signed "by a majority of the board" as required by G. L. (Ter. Ed.) c. 59, § 60: there was no proof, by a record of the board, of action granting the abatement.

In the proceedings above described, it could not be assumed without evidence that such notations and statement were a part of the record of the meeting in question.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on August 25, 1934.

The petition was heard by *Donahue,* J. Material facts found by him are stated in the opinion. He ordered the

petition dismissed as a matter of law and not as a matter of discretion, and reported the case for determination by the full court.

*A. L. Taylor,* (*E. C. Parks* with him,) for the petitioner.

*J. B. Sullivan,* Assistant Corporation Counsel, for the respondents.

QUA, J. This is a petition for a writ of mandamus to compel the board of assessors of Boston to issue to the petitioner a certificate under G. L. (Ter. Ed.) c. 59, § 70, to the effect that the tax for the year 1933 has been abated upon premises on Congress Street in Boston occupied by the petitioner as a tenant "paying taxes in full on said premises." The single justice ordered "that the petition be dismissed as a matter of law and not as a matter of discretion," and reported the case.

We assume in favor of the petitioner that it was "A person aggrieved" and therefore entitled to apply to the assessors for an abatement under G. L. (Ter. Ed.) c. 59, § 59, in the amended form appearing in St. 1933, c. 266, § 1, and that if an abatement has in fact been granted it is entitled by means of this proceeding to obtain a certificate thereof from the present assessors under said § 70. The order of the single justice is to be construed as a ruling that as matter of law there was no evidence which would justify the issuance of the writ. It follows that the sole question for decision is whether there is anything in the single justice's findings of subsidiary facts and in the evidence reported which would justify an ultimate finding that the assessors have abated the tax.

The facts and evidence reported, in their aspect most favorable to the petitioner, may be summarized as follows: On December 29, 1933, the petitioner duly filed with the assessors its application for abatement on the usual form provided by the assessors. At that time the members of the board were Neal J. Holland, Henry Daily and Edward T. Kelly. The secretary of the board was Frederick E. Bolton. On the day on which the petition was filed "a hearing was held" before Holland and Daily. Kelly, who

was chairman, was absent. At the conclusion of the hearing, Holland indorsed upon the face of the application the words "Abate 7000 B of A," signed his name on one of the lines provided at the bottom of the form for the signatures of the assessors and handed it to Bolton. "B of A" was used by Holland as an abbreviation for "Board of Assessors." Thereafter that portion of the blank form immediately above Holland's signature was filled in with the appropriate figures, and signed by Bolton as secretary. The last paragraph of the application then read as follows: "This application having been considered by the Board of Assessors, it was voted that an abatement of $229.60 (Amount of tax) be allowed upon a valuation of $7000. F. E. Bolton Secretary. N. J. Holland . . . Assessors of the City of Boston." On December 29, 1933, there were two meetings of the board of assessors attended by Holland and Daily, making a majority of the board. Holland presided. In the extended minutes of those meetings there is no reference to the petitioner's application or to any action taken thereon. On the face of the application there is stamped the following: "Assessing Dept. City of Boston Abated Dec 30 1933." There was no evidence as to when or by whom this stamp was applied. There is also written at the bottom of the face of the application and at the left of Holland's signature the words "No Bd. Action Bd. Vote Required." There was no evidence as to when or by whom these words were written. They were not written by Holland or Daily or Bolton. It was the usual practice for the board of assessors to indicate upon the application what, if any, abatement was granted. Thereafter the secretary would fill the necessary figures in the blank spaces in the application and sign it. If no abatement was granted, the application was stamped "Denied." If an abatement was granted, it would be "posted" in the record books of the board and various entries would be made by clerks, after which Bolton would sign the certificate which is issued to the taxpayer. Many applications for abatement were "considered by the assessors" on December 29.

The board of assessors, consisting of three members, must make such official decisions as are involved in the act of granting an abatement by vote, while they or a majority of them are in session as a board at a duly constituted meeting. They cannot act separately as individuals. *Williams* v. *School District in Lunenburg*, 21 Pick. 75, 82. *Damon* v. *Selectmen of Framingham*, 195 Mass. 72, 78. *Barnard* v. *Shelburne*, 222 Mass. 76, 79. See *Cooke* v. *Scituate*, 201 Mass. 107. G. L. (Ter. Ed.) c. 59, § 60, makes careful provision for the keeping by the board of a record of all abatements and prescribes the particular items which shall enter into such record. One paragraph of this section reads as follows: "If the record of an abatement is made as a part of the record of a meeting of the board of assessors it shall be signed by the clerk or secretary of the board for that meeting; otherwise by a majority of the board." See also G. L. (Ter. Ed.) c. 66, § 6.

It is a general rule that where a public board is required to act through votes at meetings and to keep records of its acts, the record duly kept cannot be varied or added to by other evidence. *Halleck* v. *Boylston*, 117 Mass. 469. *Morrison* v. *Lawrence*, 98 Mass. 219, 221. *Lowell* v. *Wheelock*, 11 Cush. 391. *State* v. *Crookston Lumber Co.* 85 Minn. 405. *Sweetsir* v. *Chandler*, 98 Maine, 145, 152. Compare *Commonwealth* v. *McGarry*, 135 Mass. 553, 554; *Garvey* v. *Lowell*, 199 Mass. 47. See cases collected in 50 L. R. A. (N. S.) 99. Like other aspects of the so called parol evidence rule, this is a rule of substantive law and not a part of the law of evidence. It forbids proof of acts of the board by any evidence other than the record. Records of the meetings of December 29 were in evidence, but they did not show any vote to abate the tax. There was nothing to show that the notation made by Holland or the stamp or the last paragraph of the petitioner's application signed by the secretary and quoted above was a part of a record of a meeting. It cannot be assumed without evidence that such entries on an application filed with a board are a part of the record of the acts of the board at a meeting. Nor are these entries a record of an abatement which is

not a part of a record of a meeting within that part of § 60 quoted above, because they are not "signed . . . by a majority of the board."

No record has been produced of action by the board, and therefore we can find nothing in the case which would support a finding that the assessors have abated the tax.

*Petition dismissed.*