Estella E. Marshall *vs.* Registrar of Motor
Vehicles & another.

Suffolk.    May 2, 1949. — June 29, 1949.

Present: Qua, C.J., Dolan, Ronan, Spalding, & Williams, JJ.

*Public Works. Registry of Motor Vehicles. Certiorari. Administrative
Board or Officer. Practice, Civil,* Parties. *Motor Vehicle,* License to
operate. *Pleading, Civil,* Petition.

It was improper to join the registrar of motor vehicles as a respondent in
a petition for a writ of certiorari to test the propriety of a decision
made on an alleged appeal under G. L. (Ter. Ed.) c. 90, § 28, affirm-
ing a refusal by him to reissue a license to operate motor vehicles.

No appeal from a refusal of the registrar of motor vehicles to reissue a
license to operate motor vehicles lies to the commissioner of public
works under G. L. (Ter. Ed.) c. 90, § 28; the sole right of appeal is
to "the department of public works," and the appeal is to be heard
and determined by the commissioner and two associate commissioners
acting jointly: their decision is that of the department.

A petitioner for a writ of certiorari is bound by the specific allegations
set forth in his petition, and is not aided by a conclusion stated therein
contrary to such allegations.

One, who failed to prosecute an appeal to the department of public works
under G. L. (Ter. Ed.) c. 90, § 28, from a refusal of the registrar of
motor vehicles to reissue his license to operate motor vehicles, was not
entitled to relief by certiorari.

Petition, filed in the Superior Court on December 14,
1948, for a writ of certiorari.

A demurrer to the petition was heard by *Good,* J., and
was sustained.

*A. A. Albert,* for the petitioner.

*F. E. Kelly,* Attorney General, & *E. P. Healy,* Assistant
Attorney General, for the respondents, submitted a brief.

Ronan, J.   In this petition for a writ of certiorari against
the registrar of motor vehicles and the commissioner of
public works it is alleged that the petitioner applied to the
registrar on October 20, 1948, for a reissuance of her license
to operate motor vehicles which had been suspended in 1944

and he refused to reissue the license; that "in accordance with the provisions of G. L. c. 90, § 28," she appealed from this decision of the registrar to the commissioner who, after a hearing on November 10, 1948, affirmed the decision of the registrar; and that the action of each of the respondents was "arbitrary, capricious and unsupported by the evidence." The petition prayed that each of the respondents be ordered to file a return setting forth all the material facts found upon which he based his decision. The respondents filed a demurrer on the ground that the allegations were not sufficient to enable the petitioner to maintain the petition. The petitioner appealed from an order sustaining the demurrer.

A respondent in a petition for a writ of certiorari may demur to the petition with or without a return in order to raise the question of law whether the petition sets forth a ground entitling the petitioner to have the records of the respondent certified and his order or decision reversed or quashed. *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex*, 262 Mass. 477, 481. *Jordan Marsh Co.* v. *Labor Relations Commission*, 312 Mass. 597, 598.

The only respondent in a petition for a writ of certiorari is the tribunal, the validity of the action of which is challenged and in the possession of which are the records that are to be certified and examined to determine whether they disclose any errors of law. Where, as here, it is alleged that an appeal was taken from the administrative action of an officer to another officer or board, it is the record of the latter that is to be certified, as the decision on appeal supersedes the first decision, *Percival's Case*, 268 Mass. 50; *Norman's Case*, 278 Mass. 464, and constitutes the final action of the administrative agency which alone is subject to judicial review. Both respondents should not have been joined in a single petition. *Worcester & Nashua Railroad* v. *Railroad Commissioners*, 118 Mass. 561, 563. *Marcus* v. *Commissioner of Public Safety*, 255 Mass. 5, 8. *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 473. *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 225.

There is no contention that the petitioner's license was not properly suspended or revoked in 1944. She was not entitled to a new license "unless, upon examination or investigation, or after a hearing, the registrar determines that the operator should again be permitted to operate." G. L. (Ter. Ed.) c. 90, § 22, as amended by Sts. 1933, c. 191; 1941, c. 312. In case of an adverse decision by the registrar, the petitioner could have appealed "to the department of public works, which may, after a hearing, order such ruling or decision to be affirmed, modified or annulled, but no such appeal shall operate to stay any ruling or decision of the registrar." G. L. (Ter. Ed.) c. 90, § 28. The petitioner did not follow this statutory remedy. The department of public works is under the supervision and control of a commissioner and two associate commissioners, G. L. (Ter. Ed.) c. 16, § 2, as amended by St. 1946, c. 591, § 19, and appeals from rulings and decisions of the registrar are to be heard and determined by these three officials, who should act jointly in rendering a decision which is that of the collective body although it might be the decision of only a majority of these officers. *Real Properties, Inc.* v. *Board of Appeal of Boston*, 311 Mass. 430, 433–435. *New England Box Co.* v. *C & R Construction Co.* 313 Mass. 696. *Perkins* v. *School Committee of Quincy*, 315 Mass. 47. Indeed the statute, G. L. (Ter. Ed.) c. 16, § 4, as amended by St. 1947, c. 472, § 1, provides that, "Except as otherwise expressly provided, the concurrence of at least a majority of the commissioner and associate commissioners shall be necessary in every official act of the department." There is nothing contained in said § 28 providing for the taking of testimony by a commissioner, an associate commissioner, an employee of the department, or registrar that in any way affects the first sentence in that section which provides that an appeal from a ruling or decision of the registrar shall be made to the department which, after a hearing, shall affirm, modify or annul the ruling or decision. Whatever the nature of the procedure, it must result in a decision by the department itself and not by a single officer in the

department. *Damon* v. *Selectmen of Framingham*, 195 Mass. 72, 78. *Barnard* v. *Shelburne*, 222 Mass. 76, 79. *Pettengell* v. *Alcoholic Beverages Control Commission*, 295 Mass. 473, 477.

The allegation that an appeal was taken under G. L. (Ter. Ed.) c. 90, § 28, is inconsistent with the specific allegations that an appeal was taken to the commissioner and that the action of the commissioner in affirming the decision of the registrar "was arbitrary, capricious and unsupported by the evidence," and with the prayer seeking to have the commissioner make a return of all the facts found by him upon which he based his decision. The petitioner is bound by these specific allegations which show that no appeal was ever taken to the department of public works as the statute expressly requires. *Denvir* v. *North Avenue Savings Bank*, 290 Mass. 137, 138. *Everett* v. *Canton*, 303 Mass. 166, 170. *Medford* v. *Metropolitan District Commission*, 303 Mass. 537, 539.

The appeal to the commissioner was unauthorized in law and contrary to the statute, and is of no force and effect. This erroneous attempt to appeal to the commissioner leaves standing the decision of the registrar. The petitioner has not pursued the statutory remedy to its final conclusion. Jurisdiction over the subject matter was entrusted in the first instance to the registrar and upon appeal to the department and, in the absence of such an appeal, the petitioner has not exhausted the administrative remedy and consequently cannot resort to the courts for a judicial review. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73. *C. & H. Co.* v. *Building Commissioner of Medford*, 303 Mass. 499. *Jordan Marsh Co.* v. *Labor Relations Commission*, 312 Mass. 597. *Saint Luke's Hospital* v. *Labor Relations Commission*, 320 Mass. 467, 469–470.

The order sustaining the demurrer was right and is affirmed. The petition is dismissed.

*So ordered.*