BEFORE THE THIRD DIVISION

JUNE 28, 1962

No. 66881.—S. Stern, Henry & Co. v. United States, protest 61/9247.—

RICHARDSON, Judge: In an affidavit, dated May 23, 1962, James B. Herzog states that S. Stern, Henry & Co., a partnership, is the owner and principal involved in the entry. He also states in his affidavit:

* * * Deponent further points out to the court that the amount of duty deposited with the collector at the time of entry was the plaintiff's [S. Stern, Henry & Co.] and that therefore, both the plaintiff and the deponent have full and complete interest in that money.

In court, under oath, on December 18, 1961, James B. Herzog answered questions with respect to the money which it is sought to have the collector refund as follows:

Q. And does your partnership own the goods absolutely, or is your partnership functioning in a representative capacity for the ultimate consignee?—A. Functioning only in a representative capacity.

Q. And that ultimate consignee is Amerex Trading Corp.?—A. Yes, it is.

Q. Assuming that you are successful on behalf of the ultimate consignee, there will be a refund. Now, who will receive that refund?—A. Stern Henry & Co. will.

Q. Will it hold it for Stern Henry & Co. or will it remit a part or all of it to the Amerex Trading Corp.?—A. It will remit all of it immediately to the Amerex Trading Corp. [R. 4–5.]

James B. Herzog's affidavit of May 23, 1962, and his statement in court, under oath December 18, 1961, are in direct conflict, to say the least. The court informed James B. Herzog when he was placed under oath December 18, 1961, that the reason for so doing was "to have an evidentiary basis for whatever ruling the Court might see fit to make." (R. 2.) The court has ruled on James B. Herzog's statement under oath in court, Abstract 66718, on April 24, 1962 (not April 27, 1962, as stated in the moving papers), and does not find information in plaintiff's affidavit to warrant changing its ruling. In making its ruling, the court was not unmindful of the instances to which plaintiff alludes where partnerships, other than members of the bar, have, on some occasions in the past in the Customs Court, submitted their cases on a stipulation with the Government, and the court so stated in Abstract 66718, in volume 97 of Treasury Decisions, No. 18, at page 33 (48 Cust. Ct. 430).

The power to define and regulate the practice of law is inherent in the court. It is necessary that the court have this power for the protection of the court, the proper administration of justice, the public good, the dignity of the profession, and the protection of clients; and statutes giving corporations or partnerships the power to sue and be sued as natural persons do not confer upon such business units the right to appear *pro se*.

> *Oliner* v. *Mid-town Promoters, Inc.*, 2 N.Y. (2d) 63, 138 N.E. (2d) 217
> *Opinion of the Justices*, 289 Mass. 606, 194 N.E. 313
> *Clark* v. *Austin*, 340 Mo. 467, 101 S.W. (2d) 977
> *State ex rel. Green* v. *Brown* (Ohio), 180 N.E. (2d) 157

Also, the Customs Court holds attorneys who practice before it to a high standard of professional responsibility, in accordance with the Canons of Professional Ethics of the organized bar which have been the growth of long experience. It cannot abdicate its responsibility and disregard the intent of the Canons of Professional Ethics and permit unauthorized persons to practice law.

### DISSENTING MEMORANDUM

DONLON, Judge: Plaintiff has appeared by counsel and moved for an order vacating the order, dated April 24, 1962, and permitting plaintiff to submit a stipulation *pro se*. In support of this motion, counsel asks leave to be heard. While rule 6 of the court rules does not provide for oral argument save by leave of the court, the circumstances here would appear such as to warrant the granting of leave to counsel to present oral argument.

This plaintiff *is* the plaintiff in the instant protest, by permission of Congress. The rules of the court do not confer that right, nor may they deny it.

Whether partners-plaintiff should or should not, in the future, be able to appear *pro se*, pursuant to rule 9, this is a right which such plaintiffs have been accorded both here and in the courts of New York State. To change accepted practice now by decision of only two judges, and without granting requested leave for oral argument by counsel, might appear to be a somewhat arbitrary usurpation of the rule-making authority.

However, as stated in my opinion in *S. Stern, Henry & Co.* v. *United States*, 48 Cust. Ct. 430, Abstract 66718, that is not the main issue. There is no cause

of action before us. There is nothing substantive for which any one can argue, either *pro se* or by counsel. The protest should be dismissed.

In *Sucrest Corp.* v. *United States*, 10 Cust. Ct. 89, C.D. 728, this division so held. In a carefully written opinion by Judge Ekwall, the third division said, as follows:

\* \* \* The matter of proceedings on the entry of merchandise is provided for in section 505 of the Tariff Act of 1930, which reads in part as follows:

SEC. 505. PAYMENT OF DUTIES.

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. \* \* \*

This statute does not say by whom the estimate is to be made, nor do we know of any statute that does say so. But it would seem, *ex necessitate rei*, that it must be the collector, and we regard it as settled law now that the collector shall make the estimate. [P. 91.]

On a finding that the *Sucrest* protest did not state a cause of action, in that it complained that the collector had refused an entry because the duty estimated by the entrant was not equal to the amount which the collector estimated, the protest was dismissed.

On appeal, this decision of the third division was affirmed. *Id.* v. *Id.*, 31 C.C.P.A. (Customs) 220, C.A.D. 275. Our appeals court stated the rule, which is applicable here, in this succinct language:

It is clear from a consideration of the hereinbefore referred to provisions of the Tariff Act of 1930 that the Congress contemplated that the collector should estimate the amount of duties due on imported merchandise and that the importer or consignee should deposit with the collector at the time of making entry for consumption the amount of such estimated duties as a condition precedent to his right to enter such merchandise for consumption and receive a permit of delivery therefor. [P. 232.]

The protest here contends that the collector required the payment of estimated duties in excess of those estimated by plaintiff, as a condition of delivery of the goods. There has been neither appraisement nor liquidation.

The proper action here is an order dismissing the protest both because it does not state a cause of action and because it is premature. For this reason, I do not discuss the theories enunciated in the memorandum of the majority.