**No. 68592.**—Air Express International Agency, Inc. *v.* United States, protest 63/6044–16529 (New Orleans).

DONLON, Judge: On call of the calendar before Judge Lawrence at New Orleans on February 6, 1964, Mr. Rudolf Heitler appeared and stated that he is a partner of San Pedro Coconut Co., the "actual party in interest," for whom Air Express International Agency, Inc., acted as broker. There was no appearance for Air Express International Agency, Inc.

At Judge Lawrence's direction, Mr. Heitler consulted with Harold L. Grossman, Esq., trial attorney for defendant, and thereafter Mr. Grossman made a statement in open court, as follows:

MR. GROSSMAN: This case has been discussed between Government counsel, the Assistant Appraiser, Mr. Colomes, and Mr. Heitler, as a result of which it is to the satisfaction of all parties to submit the case on the official papers plus this letter of October 28 which the plaintiff offers and which the Government has no objection to being received in evidence.

The official papers and letter were received. The case was submitted. It was stated that no briefs were requested.

It appears from the documents before us that 150 sacks of frozen fresh shredded coconut from British Honduras were entered at New Orleans under paragraph 758, as modified, dutiable at 1¾ cents per pound. The collector liquidated the merchandise under paragraph 1558, as a nonenumerated manufactured article, dutiable at 20 percent. Increased duty of $277.50 was paid, and it is this exaction for which refund is sought.

Paragraph 758, as modified (T.D. 51802), provides as follows:

Coconut meat, shredded and desiccated, or similarly prepared.

Since there is no question that the merchandise in issue consists of shredded coconut, for which *eo nomine* provision is made, the question is whether freezing is the similar preparation which paragraph 758 includes. Here, the coconut meat seems not to be "shredded and desiccated," but shredded and frozen.

In *United States* v. *Charles R. Allen, Inc.*, 37 CCPA 110, C.A.D. 428; certiorari denied, 304 U.S. 818, the court of appeals reversed this court and held that

shredded coconut meat, cooked in sugar syrup and placed in hermatically sealed cans was not classifiable under paragraph 758, on grounds stated by our appeals court, as follows:

\* \* \* The importers' shredded coconut meat, far from being desiccated is "preserved" or "packed in sugar," and thus is not provided for by par. 758 of the Tariff Act of 1930. Nor is the merchandise at bar "similarly prepared" to coconut meat, shredded and desiccated. Desiccated coconut meat is prepared by removing the moisture. It is dried or dehydrated. The merchandise at bar was prepared by adding moisture. It is coconut meat preserved in syrup. There is no similarity between the manner in which desiccated coconut meat is prepared and the manner in which the imported product is prepared. The methods of preparation are very dissimilar—they are opposites. [Pp. 119, 120.]

The protest entry merchandise was imported on December 18, 1959. On July 7, 1960, Congress amended paragraph 758, effective on the thirtieth day thereafter, to include:

(b) Coconut meat, fresh or frozen, and shredded or grated, or similarly prepared, unsweetened or sweetened with sugar not to exceed 10 per centum by weight. [Public Law 86–606, 74 Stat. 361.]

In a letter to the collector, dated October 28, 1961, marked in evidence as exhibit 1, plaintiff suggested that coconut meat, which is shredded and frozen, is prepared similarly to coconut meat that is shredded and desiccated, and that the amendment to include the shredded frozen form under the classification of paragraph 758 was intended by Congress to eliminate any doubt that such was the case. Nothing is advanced by way of proof that such was the congressional intention. Indeed, Congress specifically provided that the 1960 amendment to paragraph 758 was to be effective on the thirtieth day after enactment. The law is well settled that statutes speak as of the date of enactment, unless Congress specifies some other date, which it did here. Congress provided that the new classification was to become effective on August 6, 1960. Hence, it is not applicable to this merchandise, which was entered on December 18, 1959.

The protest is overruled. Judgment will be entered accordingly.

## DISSENTING OPINION

RICHARDSON, Judge: This case was filed by the importer of record, Air Express International Agency, Inc., a customs broker corporation. The plaintiff is not represented by anyone in this proceeding. Mr. Rudolph Heitler, an individual who is not an attorney, but a member of a partnership, San Pedro Coconut Co., for whose account plaintiff entered the merchandise, seeks to represent his partnership in this proceeding.

Rule 9 of the United States Customs Court provides:

Parties may appear and manage their cases personally or by attorney duly admitted under the rules of the court to practice at its bar.

Mr. Heitler does not meet the requirements of this rule. Neither Mr. Heitler nor his partnership, the San Pedro Coconut Co., is a "party" to this proceeding. Mr. Heitler does not represent the plaintiff, nor is he an attorney, and thus has no standing before this court.

The San Pedro Coconut Co. is a lay partnership and, as such, cannot through one of its partners represent a corporation, the plaintiff in this proceeding. Even should the partnership be substituted for the corporation as the party plaintiff, Mr. Heitler as a partner would not have the right to represent the partnership, as the traditional right of appearance *pro se* is peculiarly that of a natural person appearing in his own behalf, and does not extend to one lay person appearing on behalf of one or more other lay persons constituting a

business unit, whether that business unit be a corporation or a partnership. Neither a corporation nor a partnership can physically appear *personally*. *S. Stern, Henry & Co.* v. *United States*, Abstract 66718, 48 Cust. Ct. 430; *S. Stern, Henry & Co.* v. *United States*, Abstract 66881, 49 Cust. Ct. 167; affirmed in *S. Stern & Company* v. *United States*, 51 CCPA 15, C.A.D. 830; certiorari denied, 377 U.S. 909 (April 20, 1964).

The present posture of this case is not such as to provide a jurisdictional basis for a decision on the merits. The case should be restored to the calendar for such action as is deemed appropriate when it is reached on the calendar.