MICHAEL J. HARTIGAN *vs.* CIVIL SERVICE COMMISSIONERS.

Suffolk. March 17, 1925. — May 20, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, & WAIT, JJ.

*Civil Service. Mandamus.*

In February, 1924, the mayor of Revere made requisition upon the department of civil service and registration for the certification of names for promotion to a position in the police department. Names were certified. No appointment was made until November 28, 1924, when the mayor made an appointment from the list so certified. The commissioners notified the mayor that such appointment was invalid. The mayor made a new requisition for certification on November 29, 1924. The commissioners, at the request of the mayor elect who would take office on January 5, 1925, refused to certify. The mayor then, on December 31, 1924, made the same appointment as before and notified the commissioners, stating that their refusal to certify was illegal. The appointee, by a petition for a writ of mandamus, sought to compel the commission to "authorize" his appointment, to "place" him in the position to which he was appointed, and "to pay him salary therefor." On hearing, the petition was dismissed and the petitioner alleged exceptions. *Held*, that

(1) The appointment of November 28, 1924, having been more than two weeks after the certification by the commission, was invalid by reason of Civil Service Rule 13;

(2) The appointment of December 31, 1924, having been made when there was no certified list from which to appoint, was invalid under G. L. c. 31, § 15;

(3) The petition properly was dismissed.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on January 5, 1925, and afterwards amended, for a writ of mandamus directing the civil service commissioners to "authorize" the appointment of the

petitioner to the position of sergeant of police of Revere, to "place" him in that position and to pay him salary therefor, or "to otherwise provide for the proper installation of the petitioner in said position."

The petition was heard by *Sanderson,* J.   Material facts are described in the opinion.   By order of the single justice, the petition was dismissed.   The petitioner alleged exceptions.   Material portions of Civil Service Rule 13 are as follows:

"Unless an appointing officer shall, within two weeks of any certification of names to him by the commissioner, make and notify the commissioner of an appointment from the names certified, the certification shall become void; provided, however, that the commissioner, in his discretion, may limit or extend the term of any certification, or ratify any appointment made from such certification."

*L. Marks,* for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondents.

WAIT, J.   By order of the city council of Revere, passed on November 26, 1923, and approved by the mayor on November 28, the appointment of a fourth sergeant in the police force was authorized.   On February 28, 1924, the mayor made requisition on the department of civil service and registration for the certification of names for promotion to the position.   They certified three names, one of which was that of the petitioner, who for many years had been a patrolman on the force.   Under the rules of the civil service this certification became void, because no appointment was made therefrom within two weeks (Rule 13).

On November 28, 1924, the mayor appointed the petitioner a sergeant.   Thereupon the civil service commissioner notified the mayor that the appointment was invalid and refused to recognize it and to authorize payment of salary.   On November 29, the mayor accordingly made requisition for the certification of names for promotion and appointment under the vote of November 26, 1923.   The respondents refused to certify names.   On December 31, 1924, no certification having been furnished, the mayor appointed the

petitioner to be sergeant and notified the respondents thereof, stating that their neglect to certify names was illegal; that, had they certified names, that of the petitioner would have been among those certified and he would have been appointed.

The petition, filed on January 5, 1925, did not allege any refusal by the commissioners to recognize the appointment; but prayed that mandamus issue to compel authorization by the respondents of the appointment and payment of salary thereunder, to direct them to place the petitioner in the position of sergeant of police in Revere, and to provide for his proper installation.

It was designed rather to vindicate the authority of the mayor to obtain a certification of names for appointment, than to correct any wrong alleged to have been done the petitioner. Obviously such a petition was without standing. No harm to the petitioner appeared. It was amended, however, on January 16, 1925, by alleging that the respondents have found the appointment illegal and have notified the appropriate persons (so that by force of the statute, G. L. c. 31, § 38, payment of any salary is withheld). By force of the amendment, the petitioner has an interest in the litigation.

It appears from the allegations of the petition and the answer, that the term of office of the mayor was to expire on January 5, 1925, and that the certification of names on the requisition of November 29, 1924, was withheld upon the ground that the respondents had been asked so to do by the man who had been elected to succeed him as mayor, and upon whom the duty of appointing to office in the police force would be imposed.

The appointment of November 28, 1924, was clearly invalid. G. L. c. 31, § 15, provides that no person shall be appointed to any position in the classified civil service except upon certification by the commissioner of civil service from an eligible list in accordance with the rules of the board. No contention is made that the position was not within the classified civil service, or that certification of names was requested. The mayor recognized the invalidity by making requisition for a new certification.

The appointment of December 31, 1924, was equally invalid. The petitioner contends that it was the duty of the commissioners to certify names; but this cannot change the fact that there was no certification, and that, by the statute just cited, no valid appointment could be made, except "upon certification by the commissioner from an eligible list in accordance with the rules of the board."

No statute and no rule of law enables this court to make a certification. We cannot say on this record that there is bad faith in a refusal by the commissioner to act with such celerity that an appointing officer, on the eve of leaving office, can fill all existing vacancies in the classified service with men whom he has failed earlier to appoint and whom his successor might strongly disapprove for the positions. No error of law appears.

*Exceptions overruled.*