EDWARD T. KENNEY *vs.* HAROLD E. McDONOUGH.

Middlesex.     March 7, 1944. — March 27, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations*, Officers and agents. *Public Officer. Civil Service. Woburn.*

The office of auditor of the city of Woburn, which by § 14 of the city charter, St. 1897, c. 172, was to be filled by election by the city council, continued to be "an office . . . filled by the city council" within § 10A, inserted in St. 1941, c. 708 by St. 1943, c. 548, § 3, after the voters of the city had voted to place the office within the civil service and to continue the then incumbent in office if he should pass a qualifying examination.

An appointment to an office in the civil service by the proper appointing authority is void as contrary to G. L. (Ter. Ed.) c. 31, § 15, as appearing in St. 1941, c. 491, and Civil Service Rules 17 and 21, if it precedes requisition and certification or authorization for provisional appointment.

The sending of a civil service requisition signed by one as president of a city council and by others constituting a majority of the council and designating themselves as members thereof, and of a notification to the director of civil service purporting to be signed in the name of the council "by" the president, was not the act of the council, and was ineffective, in the absence of a vote respecting such matters taken at some valid meeting of the council.

PETITION, filed in the Superior Court on October 27, 1943.

The case was heard by *Hanify*, J.

*J. W. Bartlett*, for the petitioner.

*J. Gorrasi*, City Solicitor, for the respondent, submitted a brief.

WILKINS, J.    This is a petition for a writ of mandamus, by which the petitioner seeks to establish his right to the office of city auditor of the city of Woburn, the duties of

which are now performed by the respondent, and to require the surrender of the office to the petitioner. The case was heard by a judge of the Superior Court upon the pleadings and a statement of agreed facts. The judge found the facts to be as agreed, and reported the case, without decision, for determination by this court.

From the agreed facts, the following appears: In 1939 Hugh F. Gilgun, Jr., was reëlected auditor for a term of three years. By St. 1897, c. 172 (the city charter of Woburn), § 14, it is provided: "The city council shall . . . elect by a majority vote of all its members . . . an auditor . . . Vacancies in said offices shall be filled by election by the city council." By St. 1905, c. 373, a general act applicable to all municipal auditors, the term of the office was made three years. At the State election held on November 5, 1940, pursuant to St. 1939, c. 183, the following questions appeared on the ballot: "Shall the city of Woburn vote to have the office of city auditor placed within the classified civil service?" and "If it is voted to place the office of city auditor within the classified civil service, shall the city of Woburn vote to provide for the continuance in said office of Hugh F. Gilgun, Jr., the present incumbent thereof, after passing a qualifying examination?" A majority of the votes cast were in the affirmative to both questions. Gilgun then took a noncompetitive qualifying examination, qualified, and was certified by the civil service commission. He continued to discharge the duties of auditor until April 22, 1942, when he entered the military service of the United States, and, complying with the statutory requirements, was deemed to be on leave of absence. See St. 1941, c. 708, § 1 (retroactively amended by St. 1943, c. 548, § 1). He is still in the military service. Since April 22 there has been no civil service eligible list of males for auditor as military substitute under St. 1941, c. 708, § 3. On April 30 the mayor applied to the director of civil service, certifying that he had the power of appointment, making requisition for a temporary auditor, as required by St. 1941, c. 708, § 3, (now amended by St. 1943, c. 548, § 2,) and stating: "the person appointed will be employed from April 30,

1942 to indefinite (City Auditor on military leave)."[1]   On September 23 the director replied: "provisional appointment of a veteran is authorized for 6 months under the provisions of Ch. 13, Sec. 5, Acts of 1942.   In the event you are unable to obtain a veteran and will so certify on the enclosed blank forms #14, you are hereby authorized to appoint some other person."   On September 28 the mayor sent a form, entitled "Notification of Employment," to the director of civil service, in which he stated that he had selected the respondent as city auditor, "temporary services to begin October 1," and certified that he was unable to find a qualified veteran who would accept the position. From time to time the director of civil service authorized the continued provisional employment of the respondent, the last extension being June 28, 1943, until December 31, 1943.   On September 13 the director wrote the mayor calling his attention to a recent statute and suggesting that request for the continued employment of the respondent should be made by the city council.   This statute is St. 1943, c. 548, § 3, inserting a new § 10A in St. 1941, c. 708, and provides: "In case an elected officer of a city, except in Boston, . . . is unable to perform the duties of his office by reason of said military or naval service, an acting officer who in his absence from the city shall possess all the rights and powers, perform all the duties, and be subject to all the obligations, of said office until the return of the absent officer to the duties of such office or until the expiration of the term thereof, whichever first occurs, shall be selected as follows: . . .

"(2) If the said vacancy is in an office held by an individual not a member of a board, the mayor may appoint a person to fill the vacancy.

---

[1] The mayor did not purport to make an appointment under G. L. (Ter. Ed.) c. 41, § 61A, as appearing in St. 1937, c. 143, § 4, reading as follows: "If the office of city auditor . . . is vacant, or if any such officer, because of disability or absence, is unable to perform his duties, the mayor, without confirmation by the city council, any provision of a city charter to the contrary notwithstanding, shall appoint a temporary officer to hold such office and exercise the powers and perform the duties thereof until another is duly elected or appointed and has qualified according to law . . . but no such temporary officer shall be appointed under this section for a period longer than sixty days."

"If the holder of an office, other than that of a member of a board, in a city other than Boston, which is filled by the city council, whether by appointment or election, is unable to perform the duties of his office by reason of said military or naval service, an acting officer who in his absence from the city shall possess all the rights and powers, perform all the duties, and be subject to all the obligations, of said office until the return of the absent officer to the duties of such office or until the expiration of the term thereof, whichever first occurs, may be appointed by the city council."

On September 16, 1943, the city council at a regular meeting elected the petitioner "temporary City Auditor, military substitute, to replace City Auditor now in the service." The fact of the election was reported by the clerk of the city council to the director of civil service, who answered, "Requisition should be made on this office on the enclosed blank in the usual way. Upon receipt of this requisition, proper action will be taken." On September 24 a requisition to the director of civil service was made for "Military Substitute Auditor for the Duration." This was signed "Philip P. Dever, Pres." and by ten others of the fifteen members of the city council, who were described as "Aldermen & members of the City Council." On September 30 the director replied to the president of the city council, giving authority for the provisional employment of the petitioner as auditor for six months from October 1, 1943. Under date of October 1, pursuant to a request by the director made to the president of the city council, the form "Notification of Employment" was sent to the director. See G. L. (Ter. Ed.) c. 31, § 18; Civil Service Rule 22. This reported the appointment of the petitioner, a veteran, as "Auditor-Military Substitute," and gave October 1 as the date of the beginning of the employment. This was signed, "Woburn City Council, by Philip P. Dever Pres., Woburn City Council." Previously, on September 24, the petitioner took oath to and accepted the office, and made demand upon the respondent to surrender the office. The respondent refused.

In a case like the present mandamus is an appropriate

method of trying title to an office. *Farrell* v. *Mayor of Revere*, 306 Mass. 221, 223.

The city auditor under the city charter is elected by the city council. The vote of November 5, 1940, was a referendum extending the term of office of Gilgun. He was not thereby elected. The office, therefore, continued to be one "filled by the city council" within the meaning of St. 1941, c. 708, § 10A, as added by St. 1943, c. 548, § 3.

While the city council is the proper authority to choose the military substitute, it could nevertheless do so only in a manner provided by law. The petitioner, consequently, cannot prevail because of failure of the council to comply with the civil service statute and rules. These rules have the force of law. *Attorney General* v. *Trehy*, 178 Mass. 186, 188. *Skold* v. *Chief of the Fire Department of Cambridge*, 266 Mass. 513, 515. General Laws (Ter. Ed.) c. 31, § 15, as appearing in St. 1941, c. 491, provides: "No person shall be appointed or promoted to any position in the classified civil service except upon requisition by the appointing officer and upon certification by the director from an eligible list prepared in accordance with this chapter and the rules and regulations made thereunder. If there is no such list, or if the director is unable to comply with a requisition, he may, subject to section twenty-five, authorize a provisional appointment. . . . Authorization to make a provisional appointment shall be void if not exercised within two weeks from the date thereof." The last sentence is almost identical with Rule 21, paragraph 2. Rule 17 provides: "No appointing officer shall fill a vacancy in a classified position except after requisition and certification in accordance with these rules." Obviously there has been no compliance with either the statute or the rules. See *Hartigan* v. *Civil Service Commissioners*, 252 Mass. 323. The appointment cannot precede requisition. It must be after authorization also, and follow within two weeks. Where an appointment may be ratified, the word "ratify" is used in the rules (see Rule 13, paragraph 2). The petitioner was formally elected on September 16, but at that time there had been no requisition by, or certification to, the city council. The informal steps

taken subsequently by some of its members were not the doings of that body, which cannot act separately as individuals but can proceed only by vote at a valid meeting. *Damon* v. *Selectmen of Framingham,* 195 Mass. 72, 78. *Carbone, Inc.* v. *Kelly,* 289 Mass. 602, 605. *Lawrence* v. *Stratton,* 312 Mass. 517, 521. *New England Box Co.* v. *C & R Construction Co.* 313 Mass. 696, 701–702. The communications signed by the president of the city council in the name of his office stand on the same footing. The title following his signature added nothing to his individual powers. See *Barnard* v. *Shelburne,* 222 Mass. 76, 79.

*Petition dismissed.*