Robert J. Lynes *vs.* Board of Selectmen of Milton & others.

Suffolk.    April 2, 1963. — May 6, 1963.

Present: Wilkins, C.J., Spalding, Cutter, Kirk, & Spiegel, JJ.

*Civil Service.*

One must first be validly appointed to an office in the civil service in order
   to become entitled to the protection of G. L. c. 31, § 20D.    [61]
An appointment to an office in the civil service was invalid and ineffective
   where, although it was made within two weeks after certification by the
   Director of Civil Service to the appointing authority, the Director was
   not notified of the appointment by the appointing authority within such
   two weeks as required by Civil Service Rule 11 (2) and did not exercise
   his discretion under that rule; the failure of the appointing authority to
   report the appointment in writing "forthwith" to the Director in com-
   pliance with G. L. c. 31, § 18, did not aid the appointee.    [61–62]

Petition for a writ of mandamus transferred from the
Supreme Judicial Court to the Superior Court on June 15,
1962.

The case was heard by *Tauro, J.*

*Willy Nordwind, Jr.,* for the petitioner.

*James J. Kelleher,* Assistant Attorney General, for the
Director of Civil Service & others.

*John J. Murray,* Town Counsel, for the Board of Select-
men of Milton.

Spalding, J.    In this petition for mandamus the peti-
tioner seeks to compel the board of selectmen of the town of
Milton (board), the Commissioners of Civil Service, and
the Director of Civil Service (director) to restore him to
his position as permanent patrolman of the town.    There
being no dispute as to the facts, the case was submitted on
the pleadings and documentary evidence.    The judge ren-
dered a brief written decision in which, after setting forth
his rulings, he ordered the petition dismissed.    From this
order the petitioner appealed.    G. L. c. 213, § 1D, inserted
by St. 1943, c. 374, § 4, as amended by St. 1957, c. 155.

Pursuant to a requisition from the board to the director,

the latter, on January 31, 1962, certified the names of the petitioner and Brendan T. Fallon as eligible for appointment to the position of police officer of the town. The petitioner was certified as number one on the list. By a letter dated February 1, 1962, the board notified the petitioner that he had been appointed to the office of patrolman to serve from February 8, 1962, and he was requested to report to the town clerk whether or not he was willing to serve. On February 2, 1962, the petitioner reported to the town clerk, who administered the oath of office to him and stamped and signed the appointment form, which was the customary procedure in the town with respect to all appointments.

On February 7 the petitioner, at the request of the chief of police of the town, went to the latter's office and was told not to report for work on February 8, as he (the chief) had been instructed by the chairman of the board to inform the petitioner that his appointment had been rescinded. The petitioner, nevertheless, reported for work on February 8, but was told by the chief that he would not be put to work. On February 16, the petitioner received a formal notification in writing from the board that his "tentative appointment" as police officer had been rescinded.

On February 19, 1962, the board returned to the director an executed form entitled "Authorization of Employment" which contained the names of both the petitioner and Brendan T. Fallon, but the petitioner's name had been crossed out. Accompanying the form was a letter from the board to the director stating that the board had appointed Fallon, as they believed that "he is the more qualified of the two on the list."

At no time was notice of the appointment of the petitioner given to the director within two weeks of the certification of names to the selectmen as required by Civil Service Rule 11 (2).[1] There was no evidence that the director exercised his discretion under Rule 11 (2) with respect to the peti-

[1] The relevant portions of Rule 11 (2) provide that "Unless an appointing officer shall, within two weeks of any certification of names to him by the Director, make and notify the Director of an appointment from the names

tioner by extending the term of the certification or ratifying the appointment made from such certification. The judge ruled that there was "never a completed and valid appointment of the Petitioner because no notice of appointment was ever given to the . . . [director] as required by said Rule 11 [cl. 2] of the Rules of [the] Civil Service Commission." He further ruled that the "[p]etitioner was never actually employed under a valid appointment as required under Rule 15" which reads, "No person shall be regarded as appointed within the requirement of these rules unless he accepts the position and is actually employed within thirty days from the date of receipt of notice of appointment."

There was no error.

The petitioner argues that he was entitled to the protection of G. L. c. 31, § 20D, which restricts to some extent the right of removal of employees during the probationary period of employment.[2] We do not agree. Before § 20D becomes operative there must be a valid appointment. Certification is a prerequisite to such an appointment, and such certification must comply with the statute and the rules of the Civil Service Commission. G. L. c. 31, § 15. Rule making power is granted to the commission by G. L. c. 31, § 3 (1), and these rules have the force of law. *Attorney Gen.* v. *Trehy,* 178 Mass. 186, 188. *Skold* v. *Chief of Fire Dept. of Cambridge,* 266 Mass. 513. *Kenney* v. *McDonough,* 315 Mass. 689, 693.

Unless the board, the appointing authority,[3] complied

---

certified, the certification shall become void; provided, however, that the Director, in his discretion, may limit or extend the term of any certification, or ratify any appointment made from such certification."

[2] Section 20D, which by § 48 is applicable to police officers, provides in part, "If the conduct or capacity of a person serving a probationary period under an appointment in the official service or labor service, or the character or quality of the work performed by him, is not satisfactory to the appointing authority, he may, at any time after such person has served thirty days and prior to the end of such probationary period, give such person a written notice to that effect, stating in detail the particulars wherein his conduct or capacity or the character or quality of his work is not satisfactory, whereupon his service shall terminate. The appointing authority shall at the same time send a copy of such notice to the director. In default of such a notice, the appointment of such person shall become permanent upon the termination of such period."

[3] Appointing officer as used in Rule 11 (2) includes the Board of Selectmen of a town. G. L. c. 31, § 1.

with Rule 11 (2) the certification is void and the appointment never became effective.  See *Hartigan* v. *Civil Serv. Commrs.* 252 Mass. 323; *Ferrante* v. *Higgiston,* 296 Mass. 208; *Kenney* v. *McDonough,* 315 Mass. 689, 693.  The petitioner contends that Rule 11 (2) is not applicable to this case because the appointing authority failed to comply with G. L. c. 31, § 18, which provides that "Every appointing authority shall report in writing forthwith to the director any appointment . . . of any person within the official or labor service."  These two provisions are not inconsistent. The failure of the appointing authority to comply with § 18 does not require that the director waive the requirements of Rule 11 (2).

Since the selectmen failed to notify the director as required by Rule 11 (2) there was no valid appointment and the petitioner acquired no rights under G. L. c. 31, § 20D.

*Order dismissing petition affirmed.*