# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

.  ───────────

TOWN OF PLYMOUTH *vs.* CIVIL SERVICE COMMISSION
& another.[1]

Plymouth. September 8, 1997. - October 20, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Civil Service,* Decision of Civil Service Commission, Judicial review, Police,
Termination of employment, Tobacco smoking prohibition. *Police,*
Discharge. *Statute,* Construction.

A decision of the Civil Service Commission conditionally reinstating a police
officer who had been terminated for violation of the smoking prohibition
set forth in G. L. c. 41, § 101A, and the smoking prohibition rule
promulgated by the personnel administrator to implement the statute, could
not stand, where the commission's decision was inconsistent with the ap-

───────────────────────

[1]Lynne M. Rossborough.

plicable law and rule [5-6], and where the statute did not authorize the appointing authority to exercise any discretion in enforcing the statute, the terms of which are mandatory [6-7].

CIVIL ACTION commenced in the Superior Court Department on September 7, 1994.

The entry of a judgment of dismissal was ordered by *John J. O'Brien*, J.

The Supreme Judicial Court granted an application for direct appellate review.

*Lorna M. Hebert* for the plaintiff.

*William M. Straus* for Lynne M. Rossborough.

GREANEY, J. Lynne M. Rossborough was terminated from her position as a police officer with the town of Plymouth (town) on July 30, 1993, because she smoked tobacco in violation of G. L. c. 41, § 101A.[2] Rossborough appealed to the Civil Service Commission (commission) which held a hearing pursuant to G. L. c. 31, § 41, and decided that Rossborough should be restored to her position as a police officer on demonstration that she no longer used tobacco products. The town filed a complaint in the Superior Court, pursuant to G. L. c. 31, § 44, seeking judicial review of the commission's decision. Judgment was entered in the Superior Court dismissing the town's complaint, and the town appealed. We granted the town's application for direct appellate review. We now vacate the judgment and the commission's decision ordering reinstatement, and direct the entry of a judgment upholding Rossborough's termination.

The following background will be helpful. The town appointed Rossborough to the position of permanent intermittent police officer on or about January 25, 1989. Because her appointment occurred after January 1, 1988, she was subject to the smoking prohibition contained in G. L. c. 41, § 101A. As a civil service employee, Rossborough was also subject to the smoking prohibition rule, contained in paragraph 23 of the

---

[2]This statute, inserted by St. 1987, c. 697, § 117, reads as follows: "Subsequent to January first, nineteen hundred and eighty-eight, no person who smokes any tobacco product shall be eligible for appointment as a police officer or firefighter in a city or town and no person so appointed after said date shall continue in such office or position if such person thereafter smokes any tobacco products. The personnel administrator shall promulgate regulations for implementation of this section."

personnel administration rules, promulgated on October 6, 1988, by the personnel administrator to implement G. L. c. 41, § 101A. We need only note paragraphs 23.2, 23.5, and 23.6 of this rule, which read as follows:

> "23.2 No person appointed to a covered position [subsequent to January 1, 1988] shall, subsequent to appointment, smoke any tobacco product at any time during his or her employment in any position covered by section 94 of chapter 32 of the General Laws. This prohibition includes all time off the job as well as all time on the job.

> "23.5 Appointing authorities have the responsibility to enforce the prohibition against smoking tobacco products. Any employee subject to the prohibition who is found, after a hearing . . . to have smoked any tobacco product subsequent to appointment shall be terminated.

> "23.6 Before an employee is terminated pursuant to this Rule, such employee shall be given a written notice by the appointing authority which shall include the contemplated termination and the specific reason or reasons for the termination, and shall be given a full hearing concerning such reason or reasons before the appointing authority or a hearing officer designated by the appointing authority. . . . [A]n employee also has any rights to hearing or appeals procedures to which he or she may be entitled under chapter 31 or a collective bargaining agreement. If . . . a finding is made that an employee did smoke a tobacco product subsequent to appointment to a covered position, termination from that position or any subsequent promotional position is mandatory."

Rossborough was informed of the smoking prohibition and its applicability to her position prior to accepting appointment to the police force.

In July, 1993, the town's police chief received complaints that Rossborough was, as the commission found, "smoking excessively in the police cruiser." Rossborough admitted that she had resumed smoking within the previous few months and stated that she was trying to quit smoking, but was having difficulty doing so. After informing Rossborough that she had

violated the law against smoking by police officers hired after January 1, 1988, the police chief suspended Rossborough without pay for five days and recommended to the town manager that she be terminated.

A hearing was conducted before the town manager pursuant to G. L. c. 31, § 41. Based on the testimony of other police officers, the town manager found that Rossborough had smoked while employed as a police officer. The town manager concluded that Rossborough had violated G. L. c. 41, § 101A, that her suspension by the police chief was valid, and that the personnel administrator's rule required mandatory termination. Rossborough was terminated as a police officer on July 30, 1993.

Rossborough appealed from the town manager's decision to the commission under G. L. c. 31, §§ 41-43, alleging that she was a civil service employee who had been discharged without just cause. Although undisputed testimony established that she had smoked cigarettes several times while on duty, the commission determined that G. L. c. 41, § 101A, did not require mandatory termination in all cases. The commission based this on its interpretation of the language of § 101A, and its practice of allowing flexibility in the treatment of civil service employees found to be in violation of G. L. c. 31, § 50, which states that "[n]o person habitually using intoxicating liquors to excess shall be appointed to or employed or retained in any civil service position. . . ."[3]

Concluding that it was unreasonable to allow an employee with a serious alcohol problem to remain in office following rehabilitation, while requiring mandatory termination of an employee for smoking cigarettes, the commission ordered that Rossborough be restored to her position, with full seniority but with no back pay, after demonstrating that she had participated

---

[3]For commission decisions illustrating the application of G. L. c. 31, § 50, see *Crimlisk* v. *Waltham School Dep't*, 10 C.S.R. 141 (1997) (affirming discharge of school custodian with a long history of alcoholism accompanied by tardiness and absenteeism); *Bamberry* v. *Stoneham*, 10 C.S.R. 11 (1996) (affirming discharge of fire fighter with eighteen years' service where fire fighter refused to enroll in alcohol treatment program and had engaged in numerous incidents of abusive alcohol-induced behavior); *Rivera* v. *Department of Correction*, 9 C.S.R. 180 (1996) (discharge of correction officer who reported for duty smelling of alcohol modified to impose lengthy suspension); and *Nash* v. *Everett*, 9 C.S.R. 83 (1996) (discharge of water maintenance system worker for consuming alcohol on duty modified to a seven-month suspension).

in an approved treatment program for smoking addiction and was no longer using tobacco products.[4]

Under G. L. c. 31, § 44, we review the commission's decision to determine if it violates any of the standards set forth in G. L. c. 30A, § 14 (7), and cases construing those standards. While we give weight to the commission's experience and authority, see *Flint* v. *Commissioner of Pub. Welfare*, 412 Mass. 416, 420 (1992), we are required to overturn commission decisions that are inconsistent with governing law. See *Boston Police Superior Officers Fed'n* v. *Labor Relations Comm'n*, 410 Mass. 890, 892 (1991); *Finkelstein* v. *Board of Registration in Optometry*, 370 Mass. 476, 478 (1976).

1. In G. L. c. 41, § 101A, the Legislature specifically directed the personnel administrator to promulgate a rule to enforce the statute. We reject the argument that the personnel administrator's rule goes beyond the statutory language of § 101A. The plain wording of the statute expresses a mandatory directive requiring that "no person . . . appointed after [January 1, 1988] shall continue in [the] office [of police officer or fire fighter] if such person thereafter smokes any tobacco products." G. L. c. 41, § 101A. The personnel administrator's rule, requiring manda-

---

[4]The commission also determined that G. L. c. 41, § 101A, was not unconstitutional, because there was a rational connection between the statute and the legitimate public purpose of promoting the health and safety of police officers and fire fighters who, by reason of their employment, are particularly susceptible to hypertension and heart disease. It is common knowledge that tobacco smoking has been identified as a contributing risk factor in both of these conditions, and heart disease is a leading cause of disability retirement among public safety personnel. The Legislature apparently enacted § 101A in an effort to reduce the number of police officers and fire fighters who obtain substantial disability benefits from public funds under G. L. c. 32, § 94, also known as the "Heart Law," as a result of heart disease due to smoking. The constitutionality of § 101A, and the accompanying rule of the personnel administrator, is not in issue. For the treatment of similar smoking bans by other courts, see *Grusendorf* v. *Oklahoma City*, 816 F.2d 539, 543 (10th Cir. 1987) (fire fighter properly discharged under regulation prohibiting fire fighters from smoking cigarettes on or off duty during probation period; regulation was not unconstitutional infringement on liberty and privacy rights because of rational connection between smoking prohibition and promotion of health and safety of fire fighter trainees); *North Miami* v. *Kurtz*, 653 So. 2d 1025, 1028 (Fla. 1995), cert. denied, 516 U.S. 1043 (1996) (city regulation requiring all job applicants to sign affidavit stating they have not used tobacco products for at least one year immediately preceding their application for employment was not unconstitutional; city had legitimate interest in attempting to reduce health insurance costs and to increase productivity).

tory termination for violation of the smoking prohibition, is consistent with the legislative directive, and, therefore, has the force of law. See *Lynes* v. *Selectmen of Milton*, 346 Mass. 59, 61 (1963) (civil service rules). See also *Norfolk Elec., Inc.* v. *Fall River Hous. Auth.*, 417 Mass. 207, 215 (1994) (Federal housing regulations); *Berrios* v. *Department of Pub. Welfare*, 411 Mass. 587, 595 (1992) (public welfare regulations); *Benevolent & Protective Order of Elks, Lodge No. 65* v. *Planning Bd. of Lawrence*, 403 Mass. 531, 550 (1988) (regulations of the Executive Office of Communities and Development). It follows from what has been said that the commission's decision — that the town lacked a reasonable basis to terminate Rossborough in the absence of a further opportunity on her part to stop smoking — cannot stand because it directly conflicts with the personnel administrator's lawful rule.

2. The commission's decision is not improved by the commission's authority found in G. L. c. 31, § 43, to "modify any penalty imposed by the appointing authority." In this aspect, the commission arrived at its decision after comparing the smoking prohibition in G. L. c. 41, § 101A, to the alcohol prohibition in G. L. c. 31, § 50. The commission noted that § 50 has never been interpreted as requiring mandatory termination, and that, given similarities (in the commission's view) between the language of §§ 50 and 101A, the same flexibility should be applied to the discipline of employees who violate the smoking prohibition. The commission also thought that the Legislature could not have intended greater flexibility in disciplining employees with serious alcohol problems than those who smoke cigarettes.

There are important differences between both the language and legislative purposes of §§ 50 and 101A. As has been stated, § 50 directs that "[n]o person *habitually* using intoxicating liquors *to excess* shall be appointed to or employed or retained in any civil service position . . ." (emphasis added). This language allows for discretion by the appointing authority and the commission in evaluating whether an employee's alcohol consumption has reached a chronic level that violates the statute. By contrast, § 101A contains no such discretionary language and, unlike § 50, expressly delegates to the personnel administrator the authority to enforce the statute in a manner that obviates the case-by-case determinations usually made under § 50.

Furthermore, the legislative purposes behind §§ 50 and 101A appear to be different. While the legislative history is sparse, § 50 was likely enacted because serious abuse of alcohol presumptively has a negative effect on job performance. Allowing an employee to be reinstated after completion of an alcohol rehabilitation program and demonstration of satisfactory job performance is consistent with ameliorating deficient job performance.

There is material in the record suggesting that the purpose of § 101A is to prevent police officers and fire fighters from increasing their risk of hypertension and heart disease by smoking and, therefore, their eligibility for disability retirement benefits under G. L. c. 32, § 94. See note 4, *supra*. Unlike § 50, § 101A does not apply to all civil service employees, but only to police officers and fire fighters who, because of the nature of their jobs, are already at high risk for developing hypertension and heart disease. The Legislature appears to have made a policy decision, based on financial interests, that employment in these positions should no longer be open, after January 1, 1988, to persons who smoke tobacco products so that, over a period of time, police and fire departments will have a workforce free of a serious disease-causing addiction.

3. The judgment is vacated. A new judgment is to enter setting aside the commission's decision ordering Rossborough's conditional reinstatement and upholding the town's decision to terminate her.

*So ordered.*